IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERFECTO VELAZQUEZ, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:25-CV-3089-G-BK |
| § | |
| ALFREDO LIMON, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

**I. BACKGROUND**

On November 12, 2025, Plaintiff Perfecto Velazquez, a resident of Dallas, Texas, filed a *pro se* complaint against Alfredo and Javier Limon of Corsicana, Texas, and their business, Limon Roofing and Home Remodeling, alleging breach of contract. Doc. 3 at 1-2. Velazquez contends Defendants agreed to perform construction and remodeling work for $42,000, between July 2024 and March 2025. Doc. 3 at 4. Velazquez further alleges that although he paid them about $36,000, Defendants failed to complete the project. Doc. 3 at 4. Velazquez seeks $42,000 in damages. Doc. 3 at 4.

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the motion for leave to proceed *in forma pauperis*. Doc. 4.

In his complaint, Velazquez checks the box for jurisdiction based on diversity of citizenship. Doc. 3 at 3. He states that he and Alfredo Limon are both Texas citizens but that Alfredo is also a citizen of Mexico. Doc. 3 at 3. In the civil cover sheet, Velazquez checks the boxes for jurisdiction based on "U.S. Government Plaintiff" and "Citizen of this State" for both the Plaintiff and Defendants. Doc. 3 at 6. He describes the cause of action as "[b]reach of contract and failure to pay resulting [in damages] of $42,000[.]" Doc. 3 at 6.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held

to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Velazquez has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Velazquez's complaint, however, contains no factual allegations that support federal question jurisdiction. He alleges only breach of contract, which is typically actionable under state law. Doc. 3 at 3-4.

Further, on its face, Velazquez's complaint, including his assertion that Defendants are in Texas (and, thus, presumably citizens of this state), defeats subject-matter jurisdiction based on diversity. Doc. 3 at 3, 6. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). To the extent that Velazquez relies on Alfredo Limon's purported Mexican citizenship[2], that does not change the analysis, since Velazquez concedes the Texas citizenship of Javier Limon. Moreover, even assuming arguendo the complete diversity of citizenship among the parties, the $42,000 in dispute is well below the requisite damages threshold of $75,000.

Finally, because the complaint does not present an adequate basis for federal question jurisdiction, and Velazquez cannot rely on diversity jurisdiction, the Court cannot exercise

---

[2] Although it is a mere academic exercise here, it also is not clear whether Limon is "lawfully admitted for permanent residence in the United States and [is] domiciled" in Texas, which would also defeat original jurisdiction under 28 U.S.C. § 1332(a)(2).

supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Velazquez's complaint show a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, the Court concludes that Velazquez has already pleaded his best case and granting further leave to amend would be futile and cause needless delay.[3]

### IV. CONCLUSION

For all these reasons, Velazquez's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on November 17, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Notwithstanding these findings, the 14-day objection period will permit Velazquez to assert any facts/claims that can support subject matter jurisdiction under the factual scenario he alleges.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).